UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**WILLIS ABEGGLEN and**
**MARY ABEGGLEN,**

    Plaintiffs,

    v.

Case No. 10-CV-110

**TOWN OF BELOIT,**
**POLICE CHIEF JOHN WILSON,**
**TOWN ADMINISTRATOR BOB MUSEUS,**
**TOWN CHAIRMAN GREG GROVES,**
**TOWN SUPERVISOR SHANNON LADWIG,**
**TOWN SUPERVISOR PHIL TABER,**
**TOWN SUPERVISOR DICK LaMONTE and**
**TOWN SUPERVISOR DAVID TOWNSEND,**

    Defendants.

---

### JOINT RULE 26(F) REPORT - DISCOVERY PLAN

---

**Nature of the Case:**

    Plaintiffs claim the defendants violated their right of free speech under color of state law when they were retaliated against by defendants for testifying in an investigation surrounding charges of discrimination made against defendant Chief Wilson, and that the defendant Town violated their Title VII rights by that retaliation as well as defendants violating their rights to equal protection by that same retaliation. The defendants deny these claims.

**Related Cases:**

    None.

**Factual and Legal Issues To Be Resolved At Trial:**

    Whether the actions to demote Willis Abegglen from Deputy Chief to Sergeant were acts of retaliation, and whether the actions to reduce Mary Abegglen's hours were acts of retaliation?

**Description Of Amendments To The Pleadings:**

    The parties do not anticipate any amendments to the pleadings at this time.

**New Parties To Be Added:**

    The parties do not anticipate any additional parties to be added into this case at this time.

**Estimated Length Of Trial:**

    The parties anticipate that this case will take up to 5 days to complete.

**Discovery Plan:**

    Counsel for the parties conferred on April 20, 2010 for the Rule 26( f) conference. The following discovery plan has been agreed to:

(A)    The parties shall make their initial Rule 26(a) Disclosures on or before May 14, 2010.

(B)    The parties agree that a nine (9) month period is realistic to accomplish discovery, and anticipate completing discovery on January 14, 2011.

(C)    The parties do not anticipate problems with the disclosure or discovery of electronically stored information.

(D)    The parties do not anticipate privilege or work product issues.

(E)    The parties anticipate approximately 20 depositions will be necessary for discovery, and the number of interrogatories allowed by L.R. 33.1 will be sufficient.

(F)    The plaintiff expects to disclose experts in accordance with Rule 26(a)(2) within four (4) months, or by August 1, 2010. The Defendants anticipate disclosure of its experts under Rule 26(a)(2) by November 1, 2010.  The plaintiff will then be given to December 1, 2010 to disclose any rebuttal expert that may become necessary.

(G)    The parties request until June 28, 2010 to amend pleadings and join additional parties although not currently anticipating the need to do so.

(H)    The parties anticipate that one or more of the defendants will be filing a motion for summary judgment and as such, request a deadline of February 15, 2011 for such filing with plaintiff's response due on March 15, 2011, and the reply briefs due by March 30, 2011.

Dated this 23rd day of April, 2010.

                                        **RETTKO LAW OFFICES, S.C.**
                                        Attorneys for Plaintiff

                                        s/ _____
                                        William R. Rettko,
                                        State Bar No. 1002608
                                        15460 West Capitol Drive, Suite 150
                                        Brookfield, Wisconsin 53005
                                        Telephone: (262) 783-7200
                                        Facsimile: (262) 783-7202
                                        E-Mail: bill@rettkolaw.com

**ZALEWSKI, KLINNER & KRAMER, LLP**
Attorneys for Defendants

s/
Richard W. Zalewski
State Bar No. 1003015
401 5th Street, Ste. 339
P.O. Box 1386
Wausau, Wisconsin 54402-1386
Telephone: (715) 845-5656
E-mail: rwz@skklaw.com